Ashton J. Hyde (A13248)
**YOUNKER HYDE MACFARLANE,
PLLC**
257 East 200 South, Suite 1080
Salt Lake City, UT 84111
Telephone: (801) 335-6467
Facsimile: (801) 335-6478
*ashton@yhmlaw.com*

Bryan L. Bleichner*
Philip J. Krzeski*
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300
Facsimile: (612) 336-2940
*bbleichner@chestnutcambronne.com*
*pkrzeski@chestnutcambronne.com*

*Admitted Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JASON RASMUSSEN, *et al.*,<br><br>*on behalf of themselves and all others similarly situated*,<br><br>         Plaintiffs,<br><br>v.<br><br>UINTAH BASIN HEALTHCARE,<br><br>         Defendant. | **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6), OR IN THE ALTERNATIVE, SUMMARY JUDGEMENT UNDER RULE 56**<br><br>Case No. 2:23-cv-00322-HCN-DBP<br><br>Chief District Judge Howard C. Nielson Jr.<br>Chief Magistrate Judge Dustin B. Pead |

**AFFIDAVIT OF BRYAN L. BLEICHNER IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6), OR IN THE
ALTERNATIVE, SUMMARY JUDGEMENT UNDER RULE 56**

Pursuant to Federal Rule of Civil Procedure 56(f), I, Bryan L. Bleichner, submit this

Affidavit in support of *Plaintiffs' Opposition to Defendant's Motion to Dismiss Plaintiffs'*

*Complaint Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or in the Alternative,*

*Summary Judgment Under Rule 56.*

I, Bryan L. Bleichner, being duly sworn upon oath, state:

1.      I am Interim Co-Lead Class Counsel on behalf of the Plaintiffs and the Class, having been appointed by the Court on July 28, 2023 (D.E. No. 23).

2.      The Consolidated Class Action Complaint in this case was filed on August 11, 2023 (D.E. No. 24).

3.      Defendant's attorneys filed the *Motion to Dismiss Plaintiffs' Complaint Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or in the alternative, Summary Judgment Under Rule 56* on October 16, 2023 (ECF No. 31) (the "Motion").

4.      The parties have not had a Rule 26(f) Conference and no such conference is planned at this time. Because a conference has not yet taken place, I am not permitted to begin discovery and have no interrogatories, depositions, admissions, or affidavits to rely on in preparing a response in opposition to Defendant's Motion.

5.      I, along with my co-lead counsel, Danielle Perry and Mason Barney, intend to meet with Defendant's counsel through a Rule 26(f) Conference to discuss the possibility of early resolution.   We will also seek to develop a discovery plan and arrange for Rule 26(a)(1) disclosures.

6.      Once discovery has begun, I intend to depose individuals who, upon information and belief, have sufficient knowledge of the underlying facts of the case, including but not limited to, Defendant's corporate representatives and the following two affiants Defendant relies on in its Motion:

a.   Preston Marx, UBH Security Officer; and

b.   Dr. Bruce Hartley, CISSP, Cybersecurity Investigator.

7.      I also intend to send interrogatories, requests for production, and request for admissions to Defendant regarding the arguments made in its Motion, including but not limited to:

      a.   Defendant's cybersecurity practices, protocols, and policies, including its written information security program and purported compliance therewith;

      b.   Defendant's security risk assessments and audits and the results thereof; and

      c.   Defendant's notice of a hazard or threat to the security of Plaintiffs' and Class Members' information impacted in the Data Breach.

8.      Only after Rule 26(a)(1) disclosures have been made and discovery has been conducted will I be able to fully prepare an adequate response to the summary judgment portion of Defendant's Motion and present all genuine issues of material fact.

9.      Because I am required by statute to put forth affidavits, interrogatory responses, or deposition excerpts to survive summary judgment, a response at this time would be premature and place my clients at a disadvantage that almost certainly would result in the dismissal of the case.

I declare under penalty of perjury under the laws of the State of Utah and the United States that the foregoing is true and correct.

Dated: November 30, 2023                    _/s/ Bryan L. Bleichner_____
                                              Bryan L. Bleichner