JASON R. HULL [11202]
JHULL@MOHTRIAL.COM
**MARSHALL OLSON & HULL, PC**
TEN EXCHANGE PLACE, SUITE 350
SALT LAKE CITY, UTAH 84111
TELEPHONE: 801.456.7655

MASON A. BARNEY*
MBARNEY@SIRILLP.COM
TYLER J. BEAN*
TBEAN@SIRILLP.COM
**SIRI & GLIMSTAD LLP**
745 FIFTH AVENUE, SUITE 500
NEW YORK, NEW YORK 10151
TELEPHONE: 212.532.1091

ATTORNEYS FOR PLAINTIFFS AND
OTHER PROPOSED CLASS COUNSEL
LISTED BELOW

*ADMITTED *PRO HAC VICE*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JASON RASMUSSEN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UINTAH BASIN HEALTHCARE<br><br>    Defendant. | **OBJECTION TO DECLARATION OF DR. BRUCE HARTLEY (Dkt. 47-1)**<br><br>**This Document Relates To:**<br>**ALL ACTIONS**<br><br>Case No.: 2:23-cv-00322-HCN-DBP |

Pursuant to DUCivR 7-1(b)(3), Plaintiffs, for themselves and all others similarly situated, submit the following objection to the new evidence submitted with Defendant's reply in support of its motion to dismiss (Dkt. 47) (the "Reply"). Specifically, Plaintiffs object to the expert Declaration of Dr. Bruce Hartley dated January 16, 2024 (Dkt. 47-1) (the "Second Hartley Declaration") for the following reasons: (1) the Second Hartley Declaration contains new expert evidence that is presented for the first time on reply; (2) Defendant admits that new evidence presented in the Second Hartley Declaration is expert testimony, but Dr. Hartley never submitted an expert report or in any way complied with the requirements of Federal Rules of Civil Procedure 26(a) and 26(b)(4)(A); and (3) Dr. Hartley has not shown the details of his work, nor do Plaintiffs

have access to the underlying data used to reach his conclusions, making it impossible at this time for Plaintiffs to respond effectively. For these reasons, as described in further detail below, the Court should either strike from the record, or not consider, the Second Hartley Declaration and that portion of Section B of Defendant's reply brief that relies on the Second Hartley Declaration.

## SUMMARY OF NEW EVIDENCE IN SECOND HARTLEY DECLARATION

In the Consolidated Complaint, Plaintiff Hyatt alleges that "her personal information [is] being disseminated on the Dark Web, according to IDX." Dkt. No. 24 ¶ 127. Defendant only briefly touched on this allegation in a single footnote in its opening brief. Dkt. No. 31 p. 15 n.8. Nevertheless, Defendant submitted the Second Hartley Declaration with its reply brief to claim that Plaintiffs' data, which is on the dark web, was not put there because of the Defendant's breach. The Declaration itself asserts that Dr. Hartley and an unidentified "team" searched "across 1,500+" unidentified "dark and surface web sources." Dkt. No. 47-1 ¶ 10. Based on these searches, Dr. Hartley makes several conclusory statements regarding the status of Plaintiffs' information on the dark web and the origin of that data. The Second Hartley Declaration does not provide details regarding the specific means and methodologies used to reach its conclusions regarding the source of the data he found, or how Dr. Hartley determined that the data did not come from the Defendant's breach. Dkt. No. 47-1 ¶¶ 12, 13, 14. By introducing this new evidence on reply to a motion to dismiss/motion to strike, Plaintiffs have not had the opportunity to conduct discovery regarding Dr. Hartley's analysis or examine the veracity of his averments as permitted by Fed. R. Civ. P. 26(b)(4)(A). For these reasons, the Second Hartley Declaration should either be stricken from the record or not considered.

## **OBJECTIONS**

**I.      THE COURT SHOULD NOT CONSIDER THE SECOND HARTLEY DECLARATION BECAUSE NEW EVIDENCE IS BEING PRESENTED IN A REPLY BRIEF.**

Plaintiffs object to the inclusion of the Second Hartley Declaration in the Reply because it purports to present new subjective expert conclusions, based on evidence not in the record, which is exactly the type of evidence that should not be presented for the first time on reply to a Rule 12 motion. *See Zangara Dodge, Inc. v. Curry*, No. CIV-07-1305, 2009 U.S. Dist. LEXIS 15381, at *5 (D. N. M. Mar. 3, 2009) ("It is improper to raise new arguments or submit new evidence for the first time in a reply brief") (citing *FDIC v. Noel*, 177 F.3d 911, 915-16 (10th Cir. 1999)). When a moving party advances new evidence in a reply brief, the court should either refrain from considering the new material or grant the nonmoving party an opportunity to respond. *See Beaird v. Seagate Tech.,* 145 F.3d 1159, 1164 (10th Cir. 1998).

The Second Hartley Declaration presents Dr. Hartley's new subjective expert conclusions. Dkt. No. 47 p. 12. For example, Dr. Hartley concluded that "Plaintiff Jason Rasmussen's personal information was not disclosed on the dark web from the UBH Incident" but this conclusion was based on unknown results from a series of searches he performed on over 1,500 unknown "dark and surface web sources."  Dkt. No. 47-1 ¶¶ 10-13.  Dr. Hartley did submit a declaration with Defendant's moving papers, however that declaration focused exclusively on his analysis of Defendant's written information security program, and never mentioned searches of the dark web. ECF No. 33 ¶¶ 16-21.  Defendant's moving papers referenced that it was "possible to conduct" searches of the dark web for information, but it never states that Defendant intended to conduct such searches, let alone the results of those searches presented in the Second Hartley Declaration.

ECF No. 31 p. 15 n.8.  As such, the Second Hartley Declaration is the quintessential new evidence presented on reply, which the Court should strike from the record or ignore entirely.

**II.     THE COURT SHOULD NOT CONSIDER THE SECOND HARTLEY DECLARATION BECAUSE THE NEW EVIDENCE PRESENTED IS IN VIOLATION OF FRCP 26.**

Defendant describes the Second Hartley Declaration as presenting conclusions from "independent **experts** who conducted a search of the Dark Web."  Dkt. 47 p. 12 (emphasis added). However, Defendant complied with none of the requirements for expert testimony found in the Federal Rules of Civil Procedure.  Plaintiffs have not had the opportunity to conduct discovery nor depose Dr. Hartley regarding the new evidence submitted in the Second Hartley Declaration, as permitted by Fed. R. Civ. P. 26(b)(4)(A). *See In re ConAgra foods, Inc.*, 90 F. Supp. 3d 919, 958 (C.D. Cal. Feb. 23, 2015) (striking the entirety of expert's declaration submitted on reply when the opposing party had no opportunity to depose him or otherwise test the veracity of his statements and opinions).

In addition, Plaintiffs have not been provided with any underlying data or documents used to support Dr. Hartley's conclusions. *See Counts v. Gen. Motors, LLC*, No. 16-cv-12541, 2020 U.S. Dist. LEXIS 220973, at *27 (E.D. Mich. Nov. 25, 2020) (Rule 26(a) ensures that parties can properly evaluate the opinions offered in an expert's report to prepare for a deposition or cross-examination). Plaintiffs will not have access to such data or documents until well into discovery in this case.

Because Defendants failed to comply with Rule 26 and as such Plaintiffs have not been given an opportunity to evaluate the means or underlying data used by Dr. Hartley, the Second Hartley Declaration is improper and should not be considered in the Court's evaluation of Defendant's motion to dismiss.

III.    **THE COURT SHOULD NOT CONSIDER THE SECOND HARTLEY DECLARATION BECAUSE DR. HARTLEY HAS NOT SHOWN THE DETAILS OF HIS WORK, THUS DENYING PLAINTIFFS THE OPPORTUNITY TO EXAMINE IT**

Simply permitting Plaintiffs an opportunity to respond to the Second Hartley Declaration will not rectify this situation because absent substantial discovery and expert disclosure, Plaintiffs are not in a position to effectively respond. The Second Hartley Declaration does not provide a report detailing the methodology and technologies used to reach his conclusions as is required under Rule 26 (a)(2)(B). *See Anderson v. Hansen, No. 4:20-cv-00991-JAR*, 2023 U.S. Dist. 71779, at *13 (E.D. Mo. Apr. 25, 2023) ("witnesses who are 'retained or specially employed to provide expert testimony must submit written reports'").  Nor does Dr. Hartley explain why only a small subset of the data actually impacted in the Data Breach was included in his dark web search. For example, Dr. Hartley claims his "team" performed searches "across 1,500+ dark and surface web sources," but beyond this vague statement he makes no effort to list or identify any of these sources.  Dkt. No. 47-1 ¶ 10.

Dr. Hartley further avers that those searches did not show that Plaintiffs' "personal information related to the UBH Incident" was on the dark web, and instead Plaintiffs' personal data appeared on the dark web due to previous data breaches, but he never explains how he made this determination, or what criteria were used to establish whether information was related to Defendant's breach. *Id.* ¶¶ 12-15.  For instance, Dr. Hartley avers that his searches used the word "Utah" but not Defendant's name "Uintah."  Dkt. No. 47-1 ¶ 11. The use of the term "Utah" alone could account for why Plaintiffs' information stolen from Defendant was not discovered on the dark web.  However, Plaintiffs do not even know if the use of "Utah" rather than "Uintah" was simply a typo in drafting the declaration, or if Dr. Hartley used the incorrect term in his search, or if Dr. Hartley intended to us the word "Utah" for some other reason; Plaintiffs do not know this

because Dr. Hartley provided no "basis and reasons" for his conclusions as required in Rule 26(a)(2)(B), and Plaintiffs have had no discovery regarding those conclusions. Likewise, it appears from the declaration that Dr. Hartley's supposed dark web search did not look for all the impacted private information stolen from Defendant, such as plaintiffs' health and medical information. CAC ¶ 4. Thus, the Second Hartley Declaration is both premature and incomplete, making it impossible for Plaintiffs to effectively respond.  The Court should not consider it.

## CONCLUSION

Based on the foregoing, the Court should either strike from the record, or not consider, the Second Hartley Declaration and that portion of Section B of Defendant's reply brief that relies on the Second Hartley Declaration.

DATED this 23rd day of January, 2024.

MARSHALL OLSON & HULL, PC

/s/ Jason R. Hull
JASON R. HULL [11202]
MARSHALL OLSON & HULL, PC
TEN EXCHANGE PLACE, SUITE 350
SALT LAKE CITY, UTAH 84111
TELEPHONE: 801.456.7655
JHULL@MOHTRIAL.COM

MASON A. BARNEY*
TYLER J. BEAN*
SIRI & GLIMSTAD LLP
745 FIFTH AVENUE, SUITE 500
NEW YORK, NEW YORK 10151
TELEPHONE: (212) 532-1091
MBARNEY@SIRILLP.COM
TBEAN@SIRILLP.COM

BRYAN L. BLEICHNER*
PHILIP J. KRZESKI*
CHESTNUT CAMBRONNE PA
100 WASHINGTON AVENUE SOUTH, SUITE 1700

6

MINNEAPOLIS, MN 55401
TELEPHONE: (612) 339-7300
FACSIMILE: (612) 336-2940
BBLEICHNER@CHESTNUTCAMBRONNE.COM
PKRZESKI@CHESTNUTCAMBRONNE.COM

DANIELLE L. PERRY*
**MASON LLP**
 5335 WISCONSIN AVENUE NW, SUITE 640
WASHINGTON, DC 20015
TELEPHONE: (202) 429-2290
DPERRY@MASONLLP.COM


ATTORNEYS FOR PLAINTIFFS AND PROPOSED
CLASS COUNSEL

*ADMITTED *PRO HAC VICE*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of January, 2024, the foregoing

*Objection to Declaration of Dr. Bruce Hartley (Dkt. 47-1)* was filed using the Court's CM/ECF

system, which served a copy on all counsel of record.


/s/ Jason R. Hull