Blaine J. Benard (#5661)
Brent E. Johnson (#7558)
Engels J. Tejeda (#11427)
Emily T. Howe (#18294)
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: 801.799.5800
bjbenard@hollandhart.com
bjohnson@hollandhart.com
ejtejeda@hollandhart.com
ethowe@hollandhart.com

*Attorneys for Defendant Uintah Basin Healthcare*

**IN THE UNITED STATES DISTRICT COURT,
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| JASON RASMUSSEN et al., on behalf of themselves and all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>UINTAH BASIN HEALTHCARE, a Utah non-profit corporation;<br><br>Defendant. | **DEFENDANT UINTAH BASIN HEALTHCARE'S RESPONSE TO PLAINTIFFS' OBJECTION TO DECLARATION OF DR. BRUCE HARTLEY (Dkt. 47-1)**<br><br>Case No. 2:23-cv-00322-HCN-DBP<br><br>District Judge Howard C. Nielson, Jr.<br>Chief Magistrate Judge Dustin B. Pead |

The Court may properly consider Dr. Hartley's Second Declaration (Dkt. 47-1) on reply because it responds to new arguments raised by Plaintiffs in their Opposition (Dkt. 41). Despite Plaintiffs' argument that they have not yet had an opportunity to depose Dr. Hartley, this does not change the fact that the burden of proving standing rests with Plaintiffs. Thus, even if the Court chooses not to consider Dr. Hartley's Second Declaration, that does not alter the underlying Motion.

## ARGUMENT

**I. DR. HARTLEY'S SECOND DECLARATION PROPERLY RESPONDS TO NEW ARGUMENTS RAISED IN THE OPPOSITION.**

Defendant Uintah Basin Healthcare ("UBH") does not dispute that, in general, a party cannot introduce new evidence for the first time in a reply brief. However, the law is clear that "evidence is not new," if it is "submitted in direct response to evidence or arguments raised in the opposition." *HDT Bio Corp. v. Emcure Pharms., Ltd.*, No. C22-0334, 2022 U.S. Dist. LEXIS 135304, at *8 (W.D. Wash. July 29, 2022); *c.f. Altamirano v. Chem. Safety & Hazard Investigation Bd.*, 41 F. Supp. 3d 982, 993 (D. Colo. 2014) ("[W]here the reply affidavit merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons for the entry of summary judgment, reply papers—both briefs and affidavits— may properly address those issues."). That is, a party may properly introduce additional evidence that directly responds to, or rebuts, arguments raised in the Opposition. *See Albion Int'l, Inc. v. Am. Int'l Chem., Inc.*, No. 2:07-cv-994, 2012 U.S. Dist. LEXIS 197018, at *10-11 (D. Utah Mar. 1, 2012) ("Additional supporting evidence may be offered in support of the reply memorandum only if it directly rebuts evidence offered by the non-moving party to support an argument that material facts are in dispute."). That is precisely what UBH did here.

In the Complaint, only Plaintiff Hyatt alleged her personal information is "being disseminated on the Dark Web, according to IDX." Compl. ¶ 127 (Dkt. 24). The Complaint is devoid of any additional information or proof as to this allegation. UBH's motion to dismiss is based in large part on the argument that Plaintiffs do not have standing because they have not alleged an injury in fact, and any purported injury, is not traceable to the Incident. *See e.g.*, Mot. at 10-22 (Dkt. 31). Plaintiffs suggest, for the first time in their Opposition, that additional

Plaintiffs information "may have been accessed or exfiltrated without authorization and listed for sale on the dark web." Opp'n at 2; *see also id.* at 3 ("Plaintiffs further allege actual injuries in the form of an increase in spam calls, texts and/or emails and personal information being disseminated on the Dark Web.").

Accordingly, it was proper for UBH to respond to these new allegations in its Reply (Dkt. 47). Specifically, in the Reply UBH first established that any argument that other Plaintiffs' information is on the Dark Web is a new, conclusory statement, and second, even if Plaintiffs' information is on the Dark Web, Plaintiffs did not meet their burden to prove that it creates a certainly impending threatened injury. And third, even though it is Plaintiffs' burden to prove they suffered an injury in fact that is traceable to the Incident, UBH can affirmatively prove which Plaintiffs have information on the Dark Web and that all are linked to other data breaches. *See* Reply at 3, 12.

UBH did not spring new reasons or new arguments on Plaintiffs in the Reply. UBH's arguments have consistently stayed the same -- in relevant part, Plaintiffs do not have standing because they failed to meet their burden to establish an injury in fact and traceability. UBH properly cites Dr. Hartley's Second Declaration to directly respond to, and rebut, Plaintiffs' new arguments in their Opposition. Thus, the Court may properly rely upon Dr. Hartley's Second Declaration when considering the motion briefing.

II.   **PLAINTIFFS' RULE 26 ARGUMENT FAILS BECAUSE IT IS PLAINTIFFS' BURDEN TO PROVE STANDING, IT IS NOT UBH'S BURDEN TO PROVE THE ABSENCE OF STANDING.**

There is no dispute that it is Plaintiffs' burden to prove Article III standing. *See Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1154 (10th Cir. 2005). There is also no dispute that to

3

prove standing, Plaintiffs must "clearly . . . allege facts demonstrating each element," *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), for "each plaintiff" and for each form of relief sought "in each claim," *Bishop v. Smith*, 760 F.3d 1070, 1088 (10th Cir. 2014).

Plaintiffs take issue with the fact that they have not had an opportunity to depose Dr. Hartley or review the underlying data or details of the Dark Web search. But as to this Motion, Plaintiffs arguments are non-starters. First, as an initial matter, Dr. Hartley's Second Declaration is not a Rule 26 expert report.

Second, and most importantly, it is not UBH's burden to affirmatively prove that Plaintiffs' information is not on the Dark Web and not linked to the Incident. Rather, it is squarely Plaintiffs' burden to establish standing. If Plaintiffs attempt to prove standing by establishing their information is on the Dark Web, each Plaintiff must clearly allege facts demonstrating that (1) their information is on the Dark Web, (2) the fact that their information is on the Dark Web creates a certainly impending threatened injury, (3) their information being on the Dark Web is traceable to the Incident, and (4) a ruling in their favor will redress that harm. Notably, Plaintiffs do not seek a sur-reply to introduce counter evidence that their information is on the Dark Web and is linked to the Incident.

Plaintiffs have failed to establish standing and their argument that they have not yet had an opportunity to depose Dr. Hartley or view the underlying data or details of his Second Declaration does not change this deficiency.

## **CONCLUSION**

Dr. Hartley's Second Declaration directly responds to the arguments Plaintiffs raise in the Opposition. Thus, it is not impermissible new evidence, and the Court may properly consider

Dr. Hartley's Second Declaration.  However, if the Court chooses not to consider Dr. Hartley's Second Declaration, Plaintiffs' Complaint still must be dismissed because, among the other reasons identified in UBH's Motion and Reply, Plaintiffs fail to meet their burden to establish standing.

DATED this 30th day of January, 2024.

> HOLLAND & HART LLP
>
> */s/ Emily T. Howe*
> Blaine J. Benard
> Brent E. Johnson
> Engels J. Tejeda
> Emily T. Howe
> *Attorneys for Defendant*

31330522_v1